**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2104**

MANUEL DEJESUS HERNANDEZ-AQUINO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 30, 2019                                      Decided: May 9, 2019

Before AGEE and WYNN, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Sean R. Hanover, HANOVER LAW, PC, Fairfax, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Shelley R. Goad, Assistant Director, Kristin Moresi, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel de Jesus Hernandez-Aquino, a native and citizen of El Salvador, petitions for review of the immigration judge's (IJ) order concurring in the Department of Homeland Security's (DHS) determination that Hernandez-Aquino failed to establish a reasonable fear of persecution in El Salvador.[1] For the reasons set forth below, we deny the petition for review.

To establish a reasonable fear of persecution, an alien must "establish[] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion." 8 C.F.R. § 1208.31(c) (2018). In concluding that Hernandez-Aquino failed to establish a reasonable fear of persecution, both the IJ and the DHS concluded that Hernandez-Aquino failed to link the harm that he experienced or fears in El Salvador to a protected ground. Upon review, we conclude that substantial evidence supports this determination.[2]

---

[1] Hernandez-Aquino does not challenge the determination that he failed to establish a reasonable fear of torture and has therefore waived review of this issue on appeal. *See Suarez-Valenzuela v. Holder,* 714 F.3d 241, 248-49 (4th Cir. 2013) (noting that issues not raised in opening brief are abandoned).

[2] Although the Attorney General urges us to apply the "facially legitimate and bona fide reason" standard announced by the Supreme Court in *Kleindienst v. Mandel,* 408 U.S. 753, 769 (1972), the Attorney General does not cite any cases in which a federal court has applied the *Mandel* standard in reviewing reinstatement orders. The Ninth Circuit rejected this standard in *Andrade-Garcia v. Lynch,* 828 F.3d 829, 835–36 (9th Cir. 2016), and held that reinstated removal orders are to be reviewed under the substantial evidence standard— "the standard applicable to final orders of removal." *Id.* at 836. In an unpublished decision, the First Circuit declined to reach the issues of whether it had jurisdiction and the applicable standard of review, reasoning that the alien's claim failed even under the substantial evidence standard that the alien urged the court to apply. *Telles v. Lynch,* 639 F. App'x (Continued)

2

Contrary to Hernandez-Aquino's argument on appeal, he failed to establish before the DHS that he was harmed or will be harmed in El Salvador on account of his membership in the particular social group of his family or of individuals who have filed police reports against gang members. Hernandez-Aquino's statements before the asylum officer established that the gang members targeted him in order to obtain money; thus, he was a target of the general criminal activity that is pervasive in El Salvador. General conditions of crime and unrest are insufficient to establish persecution on account of a protected ground. *See Velasquez v. Sessions,* 866 F.3d 188, 194 (4th Cir. 2017) ("Evidence consistent with acts of private violence or that merely shows that an individual has been the victim of criminal activity does not constitute evidence of persecution on a statutorily protected ground." (alteration and internal quotation marks omitted)); *Huaman-Cornelio v. Bd. of Immigration Appeals,* 979 F.2d 995, 999-1000 (4th Cir. 1992) (concluding that alien cannot demonstrate nexus to a protected ground where "alien fears retribution over purely personal matters or general conditions of upheaval and unrest").

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

658, 662 (1st Cir. 2016). Because we conclude that Hernandez-Aquino's claims fail under the more generous substantial evidence standard, we assume, without deciding, that the substantial evidence standard applies.